UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NANJING KAPEIXI NETWORK TECHNOLOGY CO., LTD**, <br><br> **Plaintiff,** <br><br> v. <br><br> **THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,** <br><br> **Defendants.** | Civil Action No. 24-cv-7674 <br><br> **Judge Thomas M. Durkin** <br><br> **Magistrate Judge Maria Valdez** |

## AMENDED COMPLAINT

Plaintiff, Nanjing Kapeixi Network Technology Co., Ltd. ("Plaintiff" or "Cupshe"), by and through its undersigned counsel, hereby files this Amended Complaint against the entities identified on Schedule A hereto (collectively, "Defendants"). In support thereof, Plaintiff states as follows:

### JURISDICTION AND VENUE

1.  This Court has original subject matter jurisdiction over this action pursuant 28 U.S.C. §§ 1331 and 1338 because the claim in this action is brought under the Copyright Act, 17 U.S.C. § 101, *et seq*.

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at

1

least the fully interactive commercial Internet stores operating under the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating one or more commercial, e-commerce stores through which Illinois residents can purchase products bearing counterfeit versions of Plaintiff's federally registered copyright-protected works. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products bearing counterfeit versions of Plaintiff's federally registered trademark to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## INTRODUCTION

3. Plaintiff is a clothing and swimwear company based in China doing business in advertising and selling women's apparel including clothing, dresses, beachwear, swimwear and swimwear related apparel. Plaintiff owns several copyrighted images advertising its apparel and many of these images are registered with the United States Copyright Office, (the "Copyrighted Works"). Copies of the registered designs asserted in this action and their deposit images are attached hereto as **Exhibit 1** and will be filed under seal with the Court's approval. This action has been filed by Plaintiff to combat online counterfeiters and infringers who trade upon Plaintiff's reputation, goodwill, and valuable copyrights consisting of photographs embodied in Plaintiff's brand product line (the "Asserted Brand") of women's apparel (the "Asserted Brand Copyrights"), by selling and/or offering for sale unauthorized and unlicensed counterfeit and infringing versions of Plaintiff's Asserted Brand Copyrights (the "Counterfeit Products"). On information and belief,

2

the Defendants are an interrelated group of factories and retailers in China that create the Defendant Internet Stores by the dozens and are designed to appear to be selling genuine copies of Plaintiff's products, while actually selling Counterfeit Products to unknowing consumers. The Defendant Internet Stores use the Copyrighted Designs to advertise the Counterfeit Products without Plaintiff's permission or license from Plaintiff.

4. The Defendant Internet Stores share unique identifiers establishing a logical relationship between them and reflecting that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation, including changing the names of their stores multiple times, opening new stores, helping their friends open stores, and making subtle changes to their products. Further, many of the platforms used by Defendants including Amazon, Walmart and TEMU do not properly verify or confirm names or addresses used by operators of the stores, which allows counterfeiters to open as many stores as they can using any number of names. On information and belief, these platforms have continued over the years to allow such behavior and provide a platform for such mass listing of counterfeit products on their platforms without verifying names or addresses of sellers or the authenticity of their products for sale.

5. Plaintiff is forced to file this action to combat Defendants' infringement of its Asserted Brand Copyrights, as well as to protect unknowing consumers from purchasing the Counterfeit Products over the Internet on U.S. facing platforms. Plaintiff has been and continues to be irreparably harmed by Defendants' infringement of Plaintiff's Asserted Brand Copyrights and, therefore, Plaintiff seeks injunctive relief to halt such infringement and irreparable harm. Plaintiff also seeks monetary relief for the injury it is sustaining.

## THE PARTIES

**Plaintiff**

6. Plaintiff is a clothing and swimwear apparel company incorporated and having a primary place of business in China.

7. Plaintiff is the creator and seller of high-quality swimwear and related products, whose appearance and images associated with its advertising have been registered with the U.S. Copyright Office. The Certificates of Registration for Plaintiff's Copyrighted Works are attached hereto as **Exhibit 1**.

8. Plaintiff has generated millions of dollars in sales of products using the Asserted Brand Copyrights through on-line retail channels.

9. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and publicly display Plaintiff's Asserted Brand Copyrights.

**The Defendants**

10. Defendants are individuals and business entities who reside in the People's Republic of China and other foreign jurisdictions. Defendants conduct business or assist in business conducted throughout the United States (including within the State of Illinois and this Judicial District) through the manufacturing, online advertising and offering for sale, and importation and distribution of products that incorporate counterfeit and infringing versions of Plaintiff's Asserted Brand Copyrights. Defendants conduct business, or assist in business conducted, throughout the United States (including within the State of Illinois and this Judicial District) through the public display, online advertising and selling, and importation and distribution, of items that incorporate counterfeit and otherwise infringing versions of Plaintiff's

Asserted Brand Copyrights. Each Defendant has targeted Illinois by selling or offering to sell, or knowingly assisting in selling or offering to sell, the Counterfeit Products to Illinois consumers through various online retail platforms. Each Defendant has targeted Illinois by selling or offering to sell, or knowingly assisting in selling or offering to sell, the Counterfeit Products to Illinois consumers through various online retail platforms.

11. Defendants appear to be an interrelated group of counterfeiters and infringers, who create numerous Defendant Internet Stores and design these stores to appear to use genuine versions of Plaintiff's Asserted Brand Copyrights, while they actually selling inferior imitations of Plaintiff's Products. The Defendant Internet Stores share unique identifiers with common design elements, such as the same or similar products offered for sale, identical product descriptions or product titles, the same or substantially similar shopping cart platforms, accepted payment methods, check-out methods, lack of contact information, identically or similarly priced Counterfeit Products and volume sales discounts. These similar elements between Defendant Internet Stores establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same transaction or occurrence. Tactics used by Defendants to conceal their identities, and the full scope of their counterfeiting operation make it virtually impossible for Plaintiff to learn the precise scope and the exact interworking of their counterfeit network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Amended Complaint.

**DEFENDANTS' UNLAWFUL CONDUCT**

12. Plaintiff's business success has resulted in significant counterfeiting and other infringement of Plaintiff's Copyrighted Works. Consequently, Plaintiff maintains an anti-counterfeiting program and investigates suspicious e-commerce stores identified in proactive

Internet sweeps and reported by consumers. Plaintiff has identified many fully interactive e-commerce stores, including the Defendant Internet Stores, offering for sale and/or selling Counterfeit Products to consumers in this Judicial District and throughout the United States on platforms such as Amazon, Walmart, and TEMU.

13. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price ("MSRP") of goods seized by the U.S. government in fiscal year 2023 was over $2.7 billion. (*See* **Exhibit 2** at 2). Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year. (*See* **Exhibit 3** at 8).

14. E-commerce retail platforms such as those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to regularly use false names and addresses when registering with these e-commerce retail platforms.

15. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Defendant Internet Stores aliases identified Schedule A attached hereto, offering shipping to the United States, including Illinois, accepting payment in U.S. dollars and, on information and belief, having sold Counterfeit Products to residents of Illinois.

16. Defendants employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Defendant Internet Stores appear sophisticated and accept payment in U.S. dollars via credit cards, Amazon Pay, Western Union, and/or PayPal. Defendant Internet Stores often

include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants to copy, distribute, or publicly display Plaintiff's Copyrighted Works, and none of the Defendants are authorized retailers of genuine versions of Plaintiff's Products.

17. Upon information and belief, Defendants have engaged in fraudulent conduct when registering the Defendant Internet Stores by providing false, misleading, and/or incomplete information to e-commerce platforms. Upon information and belief, certain Defendants have anonymously registered and maintained aliases to prevent discovery of their true identities and the scope of their e-commerce operation.

18. Upon information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Counterfeit Products on e-commerce platforms such as Amazon, TEMU, and Walmart. Such seller alias registration patterns are one of many common tactics used by Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

19. Even though operating under multiple fictitious aliases, unauthorized on-line retailers such as the Defendant Internet Stores often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other identifying information and likewise omit other seller aliases that they use. Further, such unauthorized retailers include other notable common features on their internet stores such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, similarities in price and quantities, and/or the use of the same text and images. Further, counterfeit products offered for sale by unauthorized retailers such as the Defendant Internet Stores often bear irregularities and indicia of being counterfeit that are similar to one another, suggesting that the Counterfeit Products

were manufactured by and come from a common source and that these unauthorized retailers are interrelated.

20. Groups of counterfeiters such as Defendants here are typically in communication with each other. They regularly participate in QQ.com and WeChat chat rooms, and also communicate through websites such as sellerdefense.cn and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits. (See **Exhibit 4**).

21. Counterfeiters such as Defendants commonly operate under multiple seller aliases and payment accounts so that they can continue operation in spite of enforcement efforts. Analysis of financial account transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court. Here, on information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts that are associated with the activity complained of herein to such off-shore accounts based outside of the jurisdiction of this Court. On information and belief, Defendants undertake such activity in an attempt to avoid payment of any monetary judgment awarded based on their counterfeiting and other infringement of intellectual property rights.

22. On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use illicit copies of Plaintiff's Asserted Brand Copyrights in

connection with the reproduction, public display, advertisement, distribution, offering for sale, and sale of Counterfeit Products into the United States, including Illinois, over the Internet.

23. Defendants operate at least the online marketplace accounts identified in Schedule A and engage in the unauthorized reproduction, public display, and distribution of Plaintiff's Asserted Brand Copyrights substantially similar thereto at least through said internet stores.

24. Defendants' unauthorized reproduction, distribution, and public display of Plaintiff's Asserted Brand Copyrights is irreparably harming Plaintiff.

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 *et seq.*)

25. Plaintiff re-alleges and incorporates by reference herein the allegations set forth in Paragraphs 1 through 24 above.

26. Plaintiff's Asserted Brand Copyrights constitutes creative, original works of authorship, fixed in a tangible medium of expression, and protectable under U.S. copyright law. *See* 17 U.S.C. § 102.

27. Plaintiff is the owner of valid and enforceable copyrights in Plaintiff's Asserted Brand Copyrights.

28. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for Plaintiff's Asserted Brand Copyrights and has obtained valid copyright registrations for Plaintiff's Asserted Brand Copyrights.

29. Defendants do not have any ownership interest in Plaintiff's Asserted Brand Copyrights.

30. Defendants had access to the Plaintiff's Asserted Brand Copyrights.

31. Without authorization from Plaintiff, or any right under the law, Defendants have, *inter alia*, willfully copied, reproduced, publicly displayed, and distributed, products incorporating

Plaintiff's Asserted Brand Copyrights, in connection with their operation of the Defendant Internet Stores.

32. Defendants' Counterfeit Products incorporate works that are virtually identical to and/or are substantially similar to Plaintiff's Asserted Brand Copyrights.

33. Defendants have, therefore, individually, as well as jointly and severally, infringed and continue to infringe Plaintiff's copyrights in Plaintiff's Asserted Brand Copyrights in violation of 17 U.S.C. § 501(a). *See also* 17 U.S.C. §§ 106(1), (3), (5).

34. Defendants reap the benefits of their unauthorized reproduction, public display, and distribution, of Plaintiff's Asserted Brand Copyrights through their receipt of substantial revenue, including substantial profit, driven by sales of their Counterfeit Products.

35. Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating Counterfeit Products that include Plaintiff's Asserted Brand Copyrights.

36. Defendants' infringement has been willful, intentional, malicious, and purposeful, and in disregard of, and with indifference to, Plaintiff's rights.

37. Defendants, by their actions, have caused financial injury to Plaintiff in an amount to be determined at trial.

38. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff irreparable injury that cannot fully be compensated for or measured monetarily. Plaintiff has no adequate remedy at law for such injury.

39. In light of the foregoing, and as contemplated by 17 U.S.C. § 502, Plaintiff seeks temporary, preliminary, and permanent injunctive relief prohibiting further infringement of Plaintiff's copyrights by Defendants.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125 (a))

40. Plaintiff re-alleges and incorporates by reference herein the allegations set forth in Paragraphs 1 through 39 above.

41. Defendants' use of material protected by Plaintiff's Asserted Brand Copyrights for the promotion, marketing, offering for sale, and the sale of inferior Infringing Products has created and is creating a likelihood of confusion and deception among the general public as to false affiliation, connection, or association with Plaintiff's Asserted Brand or the false origin, sponsorship, or approval of Defendants' counterfeit products under Plaintiff's Asserted Brand or the false origin, sponsorship, or approval of Defendants' counterfeit products under Plaintiff's Asserted Brand.

42. By using Plaintiff's Asserted Brand Copyrights in connection with Defendants' sale of knockoff products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of Defendants' inferior quality products.

43. Defendants' conduct constitutes willful false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of its knockoff products to the general public under 15 U.S.C. §§ 1114, 1125.

44. Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to the company's reputation and the goodwill of the Asserted Brand.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and entry of an Order directing as follows:

(1) Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert or participation with them be permanently enjoined and restrained from:

  (a) Reproducing, distributing, publicly displaying, and preparing derivative works based upon the Asserted Brand Copyrights;

  (b) making, using, offering to sell, selling, and importing any products not authorized by Plaintiff that include any reproduction, copy, or colorable imitation of the Asserted Brand Copyrights;

  (c) effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein; and

  (d) aiding, abetting, contributing to, or otherwise assisting anyone in infringing Plaintiff's copyrights in Plaintiff's Asserted Brand Copyrights.

(2) Directing that Defendants deliver for destruction all products not authorized by Plaintiff that include any reproduction, copy, or colorable imitation of the Asserted Brand Copyrights.

(3) Entering an Order that all banks, savings and loan associations, other financial institutions, payment processors, on-line marketplaces, and other third-parties who are in active concert or participation with Defendants, shall, within two (2) business days of receipt of an Order entered by this Court:

(a) Locate all accounts connected to Defendants;

(b) Restrain and enjoin such accounts from transferring or disposing of any money or other of Defendants' assets; and

(c) Transfer to Plaintiff all funds restrained in such accounts up to the amount of any monetary relief awarded to Plaintiff by this Court within ten (10) business days of receipt of such Order.

(4) Entering an Order that, until Plaintiff has recovered full payment of monies owed to it by Defendants, in the event that any new financial accounts controlled or operated by Defendants are identified, Plaintiff shall have the ongoing authority to direct any banks, savings and loan associations, other financial institutions, payment processors, and on-line marketplaces, with whom such newly identified accounts are maintained, to carry out the following activity:

(a) Locate all accounts connected to Defendants;

(b) Restrain and enjoin such accounts from transferring or disposing of any money or other of Defendants' assets; and

(c) Transfer any funds restrained in such accounts to Plaintiff within ten (10) business days of receipt of this Order.

(5) Awarding Plaintiff statutory damages based on Defendants' willful copyright infringement, pursuant to 17 U.S.C. § 504(c)(2), in an amount of $150,000 per infringed work, per Defendant;

(6) Alternatively, should the Court not award Plaintiff statutory damages, that Defendants be ordered to pay to Plaintiff all actual damages sustained by Plaintiff as a result of Defendants' infringement, said amount to be determined at trial; and that Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' infringement of

Plaintiff's copyrights in Plaintiff's Asserted Brand Copyrights as complained of herein, to the extent not already accounted for in the above-referenced assessment of actual damages;

(7) Awarding Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(8) Awarding Plaintiff any and all other relief that this Court deems just and proper.

Date: October 11, 2024　　　　　　　　　　　　Respectfully submitted,

/s/ Abby Neu
Shengmao (Sam) Mu, NY #5707021
Abby Neu ARDC 6327370
Keaton Smith ARDC 6347736
**WHITEWOOD LAW LLC**
57 West, 57th Street 3rd and 4th Floors
New York, NY, 10019
Tel: (917) 858-8018
Email: smu@whitewoodlaw.com

*Counsel for Plaintiff*

14