UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANJING KAPEIXI NETWORK TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, <br><br> Defendants. | No. 24 C 7674 <br><br> Judge Thomas M. Durkin |

ORDER

This order provides the reasons for the Court's oral denial of Plaintiff's motion for a preliminary injunction at a hearing earlier today.

Plaintiff brings claims for (1) copyright violation and (2) false designation of origin. Plaintiff alleges that Defendants use Plaintiff's copyrighted photos of Plaintiff's swimsuit products to confuse consumers into buying Defendants' swimsuits thinking that they are Plaintiff's swimsuits.

Plaintiff argues that without a preliminary injunction Plaintiff will suffer "irreparable harm . . . through loss of exclusivity and loss of future revenue, since Defendants are using Plaintiff's Copyrighted Works to market and sell similar products as the Plaintiff's Products." R. 30 at 7.

This allegation is insufficient to demonstrate irreparable harm caused by the copyright violation. While continued sales might demonstrate irreparable harm in

connection with goods bearing copyrighted material—for instance, a t-shirt emblazoned with a copyrighted phrase or image—Plaintiff does not allege that Defendants' goods infringe Plaintiff's copyright. Rather, it is Defendants' alleged use of photos to promote sale of Defendants' goods that Plaintiff claims violate its copyright. But the copyright statute provides for damages for unauthorized use. Plaintiff does not explain why continued unauthorized use of a photo cannot be remedied by appropriate statutory damages. The continued sale of goods is tangential to the unauthorized use of the photos that forms the basis of the copyright claim and thus that use cannot be a basis to demonstrate irreparable harm. Plaintiff has not cited any authority supporting a preliminary injunction for a copyright claim when the copyright material is not itself being sold. Therefore, a preliminary injunction based on the copyright claim is not warranted.

Unlike a copyright claim, a claim for false designation of origin is concerned with the sale of goods under false circumstances. *See* 15 U.S.C. § 1125. A preliminary injunction on a false designation of origin claim requires a prima facie showing of irreparable harm caused by use of a "protectable mark" that is "likely to cause confusion among consumers." *See Phoenix Ent. Partners v. Rumsey*, 829 F.3d 817, 822 (7th Cir. 2016). Plaintiff alleges that the "protectable marks" here are its copyrighted photos. But Plaintiff has presented no authority that a copyrighted photograph is sufficient to allege a "protectable mark" that can satisfy the false designation of origin statute. Without such authority the Court cannot say that Plaintiff has demonstrated

a likelihood of success on the merits and the motion for preliminary injunction must be denied.

                                                                ENTERED:

                                                                Honorable Thomas M. Durkin
                                                                United States District Judge

Dated: October 31, 2024